<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JILANI GHULAM, | : | |
| Plaintiff, | : | Civil Action No. 14-2540 (SRC) |
| v. | : | |
| 7-ELEVEN, INC. et al., | : | **OPINION & ORDER** |
| Defendants. | : | |

<u>**CHESLER**</u>, **U.S.D.J.**

      This matter comes before the Court on two motions to dismiss the First Amended Complaint ("FAC") for failure to state a claim upon which relief may be granted, pursuant to FED. R. CIV. P. 12(b)(6), one by Defendant 7-Eleven, Inc. ("7-Eleven"), and one by Defendant Ibrahim A. Issa ("Issa"). The motions are unopposed. For the reasons stated below, both motions to dismiss will be granted.

      7-Eleven had previously moved to dismiss three claims in the Complaint for failure to state a valid claim. On July 10, 2014, this Court granted the motion to dismiss and dismissed Counts II, III, and IV with prejudice. Count II of the Complaint asserted a claim against 7-Eleven for breach of contract; Count III, a claim against 7-Eleven for quantum meruit; and Count IV, a claim against 7-Eleven for breach of the implied covenant of good faith and fair dealing. After Plaintiff filed a First Amended Complaint, 7-Eleven and Issa filed the motions to dismiss presently before the Court.

      The FAC asserts five claims. Count II asserts a claim for breach of contract against 7-Eleven; Count III asserts a claim against 7-Eleven for quantum meruit; and Count IV asserts a

claim against 7-Eleven for breach of the implied covenant of good faith and fair dealing. 7-Eleven first moves to dismiss Counts II, III, and IV on the ground that they were previously dismissed with prejudice. Because these claims were already dismissed with prejudice, they are a nullity. They cannot be dismissed again.

7-Eleven also argues that the FAC fails to state a claim against it because it fails to plead sufficient facts to raise an inference of an employment relationship between Plaintiff and itself. This is correct. The Complaint alleges that 7-Eleven employed Plaintiff, but it also alleges that Defendant Issa was owner, operator, or franchisee of the 7-Eleven location at issue. (FAC ¶ 21.) The Complaint pleads no specific facts which make plausible the inference that any of the 7-Eleven entity Defendants employed Plaintiff.

Consider, for contrast, the case of Naik v. 7-Eleven, Inc., 2014 U.S. Dist. LEXIS 107139 (D.N.J. Aug. 5, 2014). In Naik, the Court found that the Complaint alleged sufficient facts to support a claim against 7-Eleven as an employer under the FLSA. Id. In that case, however, unlike the instant one, the Court found that the Complaint alleged nine categories of specific facts which supported a claim regarding an employment relationship between the plaintiff and 7-Eleven. Id. at *7. In the instant case, the allegation that 7-Eleven employed Plaintiff is purely conclusory.

The FAC fails to state a claim against 7-Eleven because it fails to plead sufficient facts to raise an inference of an employment relationship between Plaintiff and 7-Eleven. Plaintiff has now amended the Complaint twice and has failed to state any valid claim against 7-Eleven. This Court finds that further amendment is futile, and the Complaint against Defendant 7-Eleven is hereby dismissed with prejudice in its entirety.

Defendant Issa moves to dismiss Counts II through V on the ground that these common

law claims are pre-empted by the FLSA, citing this Court's recent decision in <u>Marroquin v. 7-Eleven</u>, Civil Action No. 2:14-cv-1609 (D.N.J. Nov. 20, 2014).  In that decision, this Court examined the relevant case law and held: "These cases, while not controlling authority, persuade this Court that common law claims are covered by the FLSA, are preempted, and are thus barred." <u>Id.</u> at 2.  For the same reasons, this Court finds in the present case that the common law claims are pre-empted by the FLSA.  Counts II through V in the FAC, against Defendant Issa, will be dismissed with prejudice.

Thus, the only claim that survives these motions to dismiss is the FLSA claim against Defendant Issa.

For these reasons,

**IT IS** on this 2nd day of June, 2015,

**ORDERED** that Defendant 7-Eleven's motion to dismiss the First Amended Complaint (Docket Entry No. 32) is **GRANTED**, and, as to Defendant 7-Eleven only, the First Amended Complaint is **DISMISSED** with prejudice in its entirety; and it is further

**ORDERED** that Defendant Issa's motion to dismiss the First Amended Complaint (Docket Entry No. 33) is **GRANTED**, and, as to Defendant Issa only, Counts II, III, IV, and V of the First Amended Complaint are **DISMISSED** with prejudice.

　　　　　　　　　　　　　　　　　　　　　　s/ Stanley R. Chesler
　　　　　　　　　　　　　　　　　　　　　　Stanley R. Chesler, U.S.D.J.